UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANHEIM AUTOMOTIVE
FINANCIAL SERVICES, INC., a
Delaware corporation

      Plaintiff,

v.                                              Case No:  2:12-cv-360-FtM-29SPC

INFORMATION MATRIX
TECHNOLOGIES, INC., ROGER
HAGOOD and BUFFY R. HAGOOD,

      Defendants.
_____/

## ORDER

This matter comes before the Court on the Plaintiff, Manheim Automotive Financial Services, Inc.'s Request for Clerk's Entry of Default against Defendants (Doc. #11) filed on September 5, 2012. Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

As grounds for the Clerk's Default, the Plaintiff states that Defendants Information Matrix Technologies, Inc. and Roger and Buffy R. Hagood were served with the Summons and Complaint on July 24, 2012. To date no response addressing the Complaint has been filed.

In order to obtain a Clerk's Default, the Plaintiff must show that the service of process was effectual upon the Defendants. See Scott v District of Columbia, 589 F. Supp. 30, 36 (D.D.C. 2009) (holding no default if service of process was insufficient); Maryland State Fireman's Ass'n. v. Chaves, 166 F.R.D. 353 (D. Md. 1996) (holding that it's axiomatic that process must be properly served before default may be entered); Dahl v. Kanawha Inv. Holding

Co., 161 F.R.D. 673 (N.D. Iowa 1995) (proper service is precondition for entry of default). In this case, the Plaintiff filed a copy of the Return of Service for each Defendant (Docs. # 8, 9, and 10), on August 10, 2012.

According to the Federal Rules service upon an individual is made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State. Fed. R. Civ. P. 4(e). Under Florida law service upon an individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. 48.031(1)(a)); Fla. R. Civ. P. 1.070. Rule 4 reads in pertinent part:

> [u]nless Federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed by a served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Florida law service upon an individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. 48.031(1)(a)); Fla. R. Civ. P. 1.070. Florida law allows service of an individual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a

Defendant's] usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1); Baca v. Zee Auto Center, Inc., 2007 WL 2298076 *1(M.D. Fla. August 7, 2007).

According to the Returns, Buffy Hagood was personally served with the Summons and Complaint at her place of employment on July 24, 2012. Service upon Roger Hagood was made by serving Buffy Hagood, his spouse, at his place of employment on July 24, 2012. However, under the Florida Statue service of an individual is made effectual "by delivering a copy of [the summons and complaint] to the person to be served ... or by leaving the copies at [a Defendant's] usual place of abode . . . ." Fla. Stat. § 48.031(1). The Defendant Roger Hagood was served by handing the Summons and Complaint to his spouse at his place of employment. Therefore service upon Roger Hagood did not strictly comply with the Federal Rules and Florida law and the Motion for a Clerk's Default as to Roger Hagood is due to be denied. See Chivers v Wise, 2012 WL 3000231 * 1 (M.D. Fla. July 23, 2012) (noting that "courts have consistently observed that statutes relating to substituted service of process in lieu of personal service of process must be strictly construed. . . ."). The Defendant Buffy Hagood did inform the Process Server that the Defendants no longer resided at their known address of 12780 Kedleston Road, Fort Myers, Florida 33912.

Regarding service of process upon the Corporate Defendant, Information Matrix Technologies, Fed R. Civ. P. 4(h) states that service upon a corporation is effected when:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name and from which a waiver of service has not been obtained and filed, shall be effected:

3

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. . .

The Florida Rules of Civil Procedure state that "at the time of personal service of process a copy of the initial pleading shall be delivered to the party upon whom service is made." Fla. R. Civ. P. 1.070.  A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d).  The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).  Service was made upon the Corporate Defendant, Information Matrix Technologies, Inc. by serving the Corporate Representative Buffy Hagood on July 24, 2012.

Therefore, service was properly executed on July 24, 2012 as to the Defendants Information Matrix Technologies, Inc. and Buffy R. Hagood.  Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), the Defendants had twenty-one (21) days or up to and including August 14, 2012, to file a response pleading or Rule 12 motion in answer to the Complaint.  To date no answer or response has been filed by the Defendants.  Thus, good cause exists for the Court to grant the Motion for Clerk's Default against the Defendants Information Matrix Technologies, Inc. and Buffy R. Hagood.  The Motion fails as to the Defendant Roger Hagood because of ineffectual service.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Manheim Automotive Financial Services, Inc.'s Request for Clerk's Entry of Default Against Defendants (Doc. #11) is **GRANTED in part and DENIED in part**.

(1) The Motion to Enter Clerk's Default against the Defendants Information Matrix Technologies, Inc. and Buffy R. Hagood is **GRANTED**. The Clerk of the Court is hereby directed to enter a Clerk's Default against the Defendants, Information Matrix Technologies, Inc., and Buffy R. Hagood.

(2) The Motion to Enter a Clerk's Default against the Defendant Roger Hagood is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 10th day of September, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record